PEEPLES v. ULMER.

1. JUDGMENT.—It is error to set aside a judgment under Code, 195, for mistake, excusable neglect, &c., in a case where the moving party was represented and defended the action, on the ground that a judgment relied on in the case and received without objection was afterwards set aside by the Court as fraudulent.

2. IBID.—PARTITION—RETURN OF COMMISSIONERS.—Order in question construed not to set aside judgment as fraudulent, but to set aside order confirming report of commissioners and giving applicant leave to show why the return of the commissioners in partition should not be confirmed.

Before BENET, J., Hampton, October, 1901. Reversed.

Action by W. H. Peeples against T. E. Ulmer *et al.* From order setting aside judgment, plaintiff appeals.

*Mr. W. S. Tillinghast,* for appellant, cites: *Records of Court are notice to parties interested:* 3 Strob. Eq., 42; 4 Rich. Eq., 60, 92; 9 Rich. Eq., 19; 10 Rich. Eq., 384; 11 Rich. Eq., 565; 14 Rich. Eq., 134; 15 S. C., 170; Harp. Eq., 257. *The provisions of Code, 195, only apply to cases. specifically included in its terms:* 13 S. C., 162; 29 Cal., 423; 13 Wis., 485; 26 S. C., 590; 7 S. C., 76; 17 S. C., 264; 14 S. C., 331; Freeman on Judgts., sec. 105; 34 Cal., 239; 8 S. C., 60; 14 S. C., 331; 24 S. C., 141; 25 S. C., 67; 26 S. C., 589; 47 S. C., 396; 16 How., 571; 17 S. C., 212; 1 Rich. Eq., 390; 10 Rich. Eq., 300. *Facts arising after a decree cannot be made grounds of review:* 5 Rich. Eq., 528. *Deft's. remedy is by appeal:* 10 S. C., 277; 52 S. C., 308; 8 S. C., 62; 68 N. C., 343; 17 S. C., 454; 52 S. C., 16. *As to setting aside judgments:* 1 Hill Ch., 14; 17 S. C., 219; 28 S. C., 450; Freeman on Judgts., sec. 247; Bail. Eq., 293; 19 S. C., 399; 16 S. C., 236; 17 S. C., 565.

*Messrs. E. F. Warren* and *A. M. Boozer,* contra, cite: *This proceeding is properly brought:* 24 S. C., 394. *Party to fraud should not profit by it:* 2 Hill Ch., 56.

September 4, 1902.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This was an action for trespass on realty, and resulted in a verdict and judgment in favor of the plaintiff.   The "Case" states that a motion was made to set aside said judgment "on the ground of mistake, inadvertence and excusable neglect."   The exact terms of the notice of the motion and the order therefrom are as fallows:

"Take notice that on the pleadings herein, the testimony taken at the trial of this cause, the records in the case of W. H. Peeples and Mary Ann Mixon, plaintiffs, *v.* Laura L. Peeples, L. A. Tuten *et al.;* and the proceedings *In re* W. H. Peeples and Mary Ann Mixon, plaintiffs, *v.* Laura L. Peeples, L. A. Tuten *et al.;* together with the order of Judge O. W. Buchanan therein, setting aside the judgment in the last mentioned cause, the undersigned will move before the presiding Judge of this Court at Hampton C. H., S. C., on the 12th day of June, 1901, at 10 o'clock A. M., or as soon thereafter as counsel can be heard, for an order vacating and setting aside the judgment herein, which judgment was rendered on        day of October, 1900.   For the reason that said judgment was rendered against the defendants through their mistake, inadvertence, surprise and excusable neglect.   a. That a judgment, to wit: judgment in partition in case of W. H. Peeples and Mary Ann Mixon against Laura L. Peeples, L. A. Tuten, was introduced on the trial of this cause, when defendants had had no notice of such judgment, nor could have discovered the same with due diligence.   b. That the judgment in partition—W. H. Peeples and Mary Ann Mixon against Laura L. Peeples, L. A. Tuten *et al.*—has been set aside by Hon. O. W. Buchanan, Circuit Judge, as fraudulent.   c. That the judgment herein is predicated solely upon the judgment in case of W. H. Peeples, Mary Ann Mixon against Laura L. Peeples, L. A. Tuten *et al.,* which judgment has been set aside by Hon. O. W. Buchanan, Circuit Judge, as fraudulent, and all things flowing out of it."

32—64

The order of Judge Buchanan in the partition suit of W. H. Peeples *et al., v.* Laura L. Peeples *et al.,* to which reference was made, is as follows:

"This proceeding comes up by petition in the original cause, and seeks to set aside a certain judgment and order in a proceeding for partition. It is alleged that partition was made of lands not mentioned in the complaint for partition. It is charged that although the Morass Bay tract was the only land sought to be partitioned, other land, and not the Morass Bay place, was partitioned. In the original cause Laura Peeples answered the complaint, and denied that she had any interest in the Morass Bay tract. An order of the Court directing a writ of partition to issue directed to the usual number of commissioners was obtained. It commanded them to divide the Morass Bay tract of land, one-third each to W. H. Peeples and Mary Ann Mixon and the remaining one-third to the defendants, L. A. Tuten, Mabel Tuten, Mary Sue Tuten and Charles Tuten. The surveyor and the agent, Laura L. Peeples, met the commissioners in an attempt on the part of the commissioners to go upon the land belonging to Laura L. Peeples as indicated. The surveyor, it seems, after examining the plat and titles of Laura L. Peeples, refused to proceed further. Afterwards the commissioners procured the service of another surveyor, and, without notifying the surveyor of the ownership of such land, and, so far as the record shows, without notice to Laura L. Peeples, proceeded to cut off from the land of Laura L. Peeples 197 7-10 acres, without any plat or other guide or reliance, and divided the same among the plaintiffs, W. H. Peeples and Mary Ann Mixon, and the defendants, L. A. Tuten and his four children, assigning the plaintiffs each one-third and to the defendant, L. A. Tuten, and his four children, the remaining one-third. There is not a shadow of a doubt that the commissioners did not enter upon and divide the land mentioned in the complaint upon which the whole proceeding rested for its validity. The land which they did enter upon and divide was

not the Morass Bay, but the separate property of Laura L.
Peeples. There was no warrant of law for such a proceed-
ing—such land was not in the scope and purview of the
action. If the Court had intended to divide the land other
than that mentioned in the complaint, it was without power
to do so. The Court merely intended to divide the land
mentioned in the complaint, and none other under such a
complaint could be divided. The action of the commission-
ers was not in pursuance of law. The land was the prop-
erty of Laura L. Peeples, and cannot thus be taken from
her, or her heirs now claiming it. It was small wonder that
L. A. Tuten, Mabel Sauls, Mary Sue Nettles, Annie Cook
(the last three of whom have married) and Charles Tuten
did not (and do not) set up any claim to the part assigned
them. Now, has anything occurred since that action of the
commissioners which debars the petitioners in this proceed-
ing to set aside the order of confirmation? I do not think
so. Indeed, it would be a reflection upon the administration
of justice (if the showing made on this proceeding be true)
if the petitioners herein are not allowed to come before the
Court and show the utter invalidity of the return of the
commissioners and of their action in going on the land of
Laura L. Peeples. If their contention is untrue, the Court
will so determine it upon the hearing before it. If their
contention be supported by the facts of the case, then a great
wrong will be remedied. I think a sufficient showing has
been made to open the order of confirmation mentioned in
the petition herein.

"Wherefore, it is ordered and adjudged, That the prayer
of the petition looking to the opening of the order and judg-
ment of confirmation be sustained, and that said order be,
and the same is hereby, set aside and vacated (and all pro-
ceedings dependent thereon), as far as the petitioners are
concerned, and leave is granted them to show cause why the
return of said commissioners should not be confirmed and
such other relief in the proceeding, as is indicated by a
setting aside of the judgment or the scope of that proceed-

ing, may be demanded. Let the affidavits and papers herein be filed. O. W. Buchanan, Judge presiding. February 13th, 1901."

Judge Benet passed the following order:

"This is a motion by the defendant to set aside the judgment herein, rendered at the October, 1900, term of this Court, upon the grounds set out in the motion. After hearing arguments of counsel engaged herein and hearing the evidence offered, it appearing to the satisfaction of the Court that the judgment rendered in this cause is predicated upon a judgment which has been set aside as fraudulent, it is ordered, adjudged and decreed, That the judgment rendered in this case at the October, 1900, term of this Court be, and the same is hereby, vacated and set aside."

Appellant's exceptions to the order of Judge Benet are as follows:

"That Judge Benet erred in granting the motion of defendants to set aside the judgment recoverd by plaintiff herein on the ground set out in the notice of the motion herein, namely: 'Mistake, inadvertence, surprise and excusable neglect,' against objections of plaintiff, the defendants having answered and defended the action.

"II. That his Honor erred in granting the motion and setting aside the said judgment on the ground set out in the notice of the motion, namely: that Judge Buchanan had set aside the judgment in another case, the said order of Judge Buchanan showing that he did not set aside the judgment as stated in the notice of the motion, and, if he had, such order was not relevant or competent herein because it was made in another proceeding between different parties.

"III. That his Honor erred in holding that a judgment of record and in another cause was a legal ground for vacating a judgment for 'mistake, inadvertence, surprise and excusable neglect.'

"IV. That his Honor erred in not holding and deciding, as contended by plaintiff, that a judgment could not be set aside and vacated on the ground of 'mistake, inadvertence,

surprise and excusable neglect.' where defendants were represented at the trial and defended the action, as in this case."

We think Judge Benet's order was erroneous. The motion before him was undoubtedly made for relief under sec. 195 of the Civil Code of Procedure, which authorizes the Court to relieve a party from a judgment, order or other proceeding taken against him through his "mistake, inadvertence, surprise or excusable neglect." It has been repeatedly held that this section of the Code was intended only for the relief of parties who by reason of some mistake, inadvertence, &c., may have lost the opportunity to be present at the trial or to be represented there. *Steele* v. *R. R. Co.,* 14 S. C., 331; *Ex parte Jones,* 47 S. C., 396, 25 S. E. R., 393. In this case the party was duly represented by counsel, had made answer, denying plaintiff's title, setting up title in the defendant, and further alleged, doubtless, with the view to meet plaintiff's claim of title under the partition proceedings in W. H. Peeples *et al. v.* Laura L. Peeples, *supra,* that the premises described in the complaint was no part of the "Morass. Bay tract," which was the tract sought to be partitioned in the said partition suit. On the trial in this case, evidence was offered *pro* and *con* on the question whether the land in dispute was a part of the land sought to be partitioned in said suit of Peeples *v.* Peeples. The plaintiff, in order to show his title, offered in evidence the judgment in partition without objection, his possession of the land thereunder, and the identity of the land in dispute with the land partitioned and set off to plaintiff. The judgment of the Court in the case must be deemed final and conclusive of the issue, unless a new trial is allowed under the methods prescribed for that purpose. Sec. 195 of the Code furnished no authority for setting aside said judgment on the ground stated by the Circuit Judge.

We think, also, that it was a mistaken construction of Judge Buchanan's order to hold that said order set aside as fraudulent the judgment in the partition suit upon which plaintiff's right to recover was predicated. A care-

ful reading of Judge Buchanan's order shows that he merely set aside the order of confirmation of the return of commissioners to the writ in partition, and gave the appellant leave thereafter to show cause why the return of the commissioners should not be confirmed. The order of confirmation was not set aside for fraud, as we read Judge Buchanan's order, but because, in his view, a *prima facie* showing had been made warranting the opening of the order of confirmation and permitting Laura L. Peeples to resist thereafter the confirmation of the commissioners' return on the ground that the commissioners had partitioned property belonging to Laura L. Peeples in her own right and not embraced within the partition proceedings. This, for all that appears, was nothing more than a mistake of the commissioners in the partition suit in identifying and locating the land to be partitioned, for which the law provided ample remedy in that suit.

The judgment of the Circuit Court is reversed.